Peck, J.,
delivered the opinion of the court:
Jacob Mayer represents himself to be a citizen of the State of Pennsylvania, and that prior to the breaking out of the late rebellion he was carrying on business at Philadelphia, in that State, in the course 'of which, individuals residing in the southern States became his debtors; and that his brother, David Mayer, under instructions, collected some of the money due to him, and invested the same in cotton, which was taken to Savannah, in the State of Georgia; that he had fifty bales of cotton in Savannah, which were taken by the forces of the United States, shipped to New York, and sold, the proceeds of which are now in the national treasury, and he seeks to recover them.
The defendant objects, first, that the cotton is not shown to have *252 been seized by the agents of tbe United States. In this, we think, there is a mistake; the testimony shows that it was. It is next objected that the cotton was the property of David, and not the property of Jacob, Mayer; this is also a mistake. It is further insisted •that because other cotton was purchased by David Mayer with the proceeds of debts he had collected for his brother, which Was sold and the proceeds thereof reinvested in the cotton now in controversy, therefore the transaction is brought within the prohibition of laws regarding commercial intercourse, and a recovery cannot be had.
The act of the 12th of March, 1863, does not forbid a recovery, no ■matter how often a claimant may have bought and sold, provided he brings himself within the required conditions, even though he remained in rebellious territory throughout the war. The question of commercial'intercourse is as much involved in any such claim as in this; yet the defendant has not interposed this objection in any such case.
Jacob Mayer was not a resident of any State in rebellion, but David was, and being so, he continued to collect debts for his brother, which had been contracted prior to the rebellion, under instructions or authority previously received, the latter being uninformed as to what was being done for him in the premises. We do not think that Jacob Mayer should suffer the penalty of forfeiture for the conduct of his •brother in any unlawful management of business to which he was not ■accessory. The legal unity of principal and agent does not go quite to this extent. The war and the statutes passed in aid of it would revoke any authority given to an agent, though the benefits arising to the principal from the proper conduct of an agent might be recognized -and availed of after peace.
The debts which David Mayer collected for Jacob were created before the rebellion commenced, and did not grow out of any intercourse which was denounced by the law or any proclamation. Nothing was contributed to those who were in rebellion, but the collecting of these debts rather diminished than added to the strength of the rebels. There was no commercial intercourse which contravened the letter or spirit of the law, since all the transactions of Jacob Mayer were anterior to the rebellion. Jacob Mayer was a resident of the loyal States and in the service of the federal army, while David resided in the States in rebellion. Each acted independently and without the knowledge of the other; and there was no prohibition against the voluntary performance of acts of fraternal kindness not positively criminal, provided no injury resulted to the government. So far as this record shows both brothers were guiltless of giving any aid or comfort *253 to the rebellion. The act which authorizes those who resided continuously in rebel territory during the war to recover the proceeds of captured and abandoned property, provided they were innocent of" giving aid or comfort to the rebellion, is not violated by allowing a citizen always a resident of a loyal State, equally innocent, the same grace and favor. To refuse it would be to discriminate against the-spirit of the law.
The testimony shows that Jacob Mayer owned 50 bales of cotton, which were taken from him and converted into money by the agents of the defendant and paid into their treasury. This makes a case for-claimant.
We, therefore, order a judgment for the net proceeds of his 50 bales-, of cotton, which we find to be $9,523 50.